IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                     ORDER

    v.                         07-cr-126-wmc-01

MARTEZ MOORE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Martez Moore's supervised release was held on September 2, 2010, before United States District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Peter A. Bartelt. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record and defendant's stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 24, 2008, following his conviction for possession with intent to distribute cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on September 6, 2009. On March 21, 2010,

1

he violated the mandatory condition prohibiting him from committing another federal, state, or local crime, when he received a citation for unlawful trespassing after notification, in violation of City of Madison Ordinance 23.07(2). On April 27, 2010, he violated Standard Condition No. 2 requiring him to report to the probation officer as directed by the court or probation officer, when he failed to report to the probation office as instructed. In April 2010, he violated Standard Condition No. 11 requiring him to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement official, when he failed to report his April 4, 2010, arrest by the City of Madison police, to which he pled guilty on May 27, 2010, receiving a 12 month term of state probation. On February 11 and March 26, 2010, he violated Special Condition No. 4 which requires him to report for drug testing and to abstain from the use of alcohol and illegal drugs, when he failed to report to Attic Correctional Services to submit to required drug tests. He violated this condition again when he submitted to a breath test on April 1, 2010, which tested positive for alcohol.

Defendant's conduct falls into the category of Grade C violations, as defined by §7B1.1(a)(3)(B) of the sentencing guidelines. In addressing such violations, the court has the discretion to revoke supervised release, extend it, or modify the conditions of release, pursuant to a USSG §7B1.3(a)(2)(B).

## CONCLUSIONS

In sentencing, Judge Shabaz indicated "defendant had a chaotic childhood filled with instability and little parental guidance. The focus now has to geared towards his future and rebuilding a place within society instead of one locked away." As was explained at that time, defendant faces career offender status if he commits another serious criminal offense. After serving

time in prison, defendant's performance on release has been poor at best. However, defendant has adjusted positively since the probation office filed their petition for revocation. Hopefully, this reflects not just a realization of the serious consequences that will follow from any further violation, but a real commitment to finding a better path in life. Given this improvement, an alternative to revocation appears to be more appropriate than incarceration.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 24, 2008, is modified with the addition of the following special condition:

> Special Condition No. 5: "Spend up to 120 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer."

Entered this 2nd day of September 2010.

BY THE COURT:

/s/
_____
William M. Conley
U.S. District Judge