IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                                ORDER

    v.                                       07-CR-126-WMC-01

MARTEZ MOORE

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Martez Moore's supervised release was held on December 9, 2010, before United States District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Peter A. Bartelt. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 24, 2008, following his conviction for possession with intent to distribute cocaine base (crack cocaine), a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of 57 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on September 6, 2009. On September 2, 2010, I modified defendant's term of supervised release by adding Special Condition No. 5, requiring him to spend up to 120 days in a residential reentry center. The modification was intended to be an alternative to revoking Mr. Moore's term of supervised release for violations of his conditions based on a report on a report from his probation officer, Mr. Harper, that the defendant seems to have "adjusted positively since the probation office filed their petition for revocation. At the time, the court expressed the hope that this change reflects not just a realization of the serious consequences that will follow from any further violation, but a real commitment to finding a better path in life." Unfortunately, this hope remains unfulfilled.

Accordingly, the court makes the following findings:

- On March 21, 2010, Mr. Moore violated a mandatory condition prohibiting him from committing any federal, state or local crime, when he was cited for trespassing, in violation of Madison Ordinance 23.07(2).

- On April 27, 2010, defendant violated Standard Condition No. 2, requiring him to report to the probation officer as directed by the court or probation officer, when he failed to report as instructed.

- In April 2010, defendant violated Standard Condition No. 11, requiring him to notify the U.S. probation officer within 72 hours of being arrested or questioned by law enforcement, when he failed to report his April 4, 2010, arrest for disorderly conduct by the City of Madison police.

- On October 5, 2010, defendant violated Standard Condition No. 2, requiring him to submit a truthful and complete written report within the first five days of each month, when he failed to complete and submit his monthly report for September 2010.

- On November 5, 2010, defendant violated this condition again, when he failed to submit his monthly written report for October 2010.

- On November 19, 2010, defendant violated Special Condition No. 5, requiring him to spend up to 120 days at residential reentry, when he was discharged as an unsuccessful completion case based on his failure to return to RVCP as instructed.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the three-year term of supervised release imposed on January 24, 2008, will be revoked.

With a Grade C violation and a criminal history category of IV, defendant has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, and crediting the apparent progress the defendant has made with respect to past substance abuse issues, I have selected a sentence at the bottom of the guideline range. The intent of this sentence is to hold defendant accountable for his violations, and for specific and general deterrence.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 24, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 6 months. An 18-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 9th day of December, 2010.

BY THE COURT:

_/s/_____
William M. Conley
U.S. District Judge